[Cite as *In re K.B.*, 2018-Ohio-2619.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

IN RE:                                              CASE NO.  1-18-07

  K.B.                                              **O P I N I O N**

Appeal from Allen County Common Pleas Court
Trial Court No. 2018 JG 34464

**Judgment Affirmed**

**Date of Decision:   July 2, 2018**

APPEARANCES:

  *Joseph A. Benavidez* **for Appellant**

  *Holly N. Looser* **for Appellee**

**SHAW, J.**

{¶1} Appellant K.B. was found delinquent by the Allen County Common Pleas Court, Juvenile Division, after admitting to committing one count of Felonious Assault in violation of R.C. 2903.11(A)(2), which contained an attendant firearm specification and a Serious-Youthful-Offender ("SYO") specification. K.B. was sentenced to serve 3 years in prison on the Felonious Assault and 3 years on the firearm specification, consecutive to each other; however, the adult portion of the SYO dispositional sentence was stayed pending successful completion of the traditional juvenile disposition of a minimum of 1 year at the Ohio Department of Youth Services ("DYS") up to a maximum of 21 years of age on the Felonious Assault charge and 3 consecutive years in DYS on the firearm specification for an aggregate 4-year minimum DYS term. On appeal, K.B. contends that he received ineffective assistance of counsel.

*Relevant Facts and Procedural History*

{¶2} On May 14, 2017, at approximately 10:30 a.m., K.B. and another individual who was with him were involved in a shooting altercation with two other individuals on the 300 block of North Collett Street in Lima, Ohio. Although it was unclear from the record who started the altercation, K.B. and his companion were shot at by two others and K.B. and another juvenile shot at the two others. Bullets struck nearby homes and a vehicle.

{¶3} Video surveillance of the scene was obtained and a detective from the Lima Police Department was able to identify K.B. as one of the shooters. According to the detective, K.B. was also located in the area shortly after the shooting and he was spoken to by another officer due to his clothing matching the description of one of the shooters.

{¶4} K.B. was interviewed and he admitted to firing a gun at two other individuals; however, he initially claimed he did so in self-defense. K.B. was 17 years old at the time of the incident.

{¶5} On May 19, 2017, a complaint was filed alleging that K.B. was a delinquent child as a result of committing two counts of Felonious Assault in violation of R.C. 2903.11(A)(2), both felonies of the second degree if committed by an adult, and both containing firearm specifications pursuant to R.C. 2941.145, and one count of Discharge of a Firearm on or Near a Prohibited Premises in violation of R.C. 2923.162(A)(3)/(C)(2), a felony of the third degree if committed by an adult. The third count also contained a firearm specification.

{¶6} The State filed a notice of permissive bindover and on July 26, 2017, a probable cause hearing was held. Following the hearing, the trial court determined that probable cause existed to believe that K.B. committed the alleged acts. The trial court then ordered psychological evaluations of K.B. to be performed for amenability purposes.

{¶7} On November 11, 2017, the trial court held an amenability hearing and ultimately determined that K.B. would not be transferred to the criminal division, reasoning that there were some indications that he was amenable to treatment in the juvenile system. The State then filed a notice of discretionary SYO dispositional sentence pursuant to R.C. 2152.13.

{¶8} Subsequently K.B. was indicted for two counts of Felonious Assault in violation of R.C. 2903.11(A)(2), both felonies of the second degree if committed by an adult, one count of Discharge of Firearm on or Near Prohibited Premises in violation of R.C. 2923.162(A)(3)/(C)(2), a felony of a third degree if committed by an adult, and one count of Improperly Discharging a Firearm at or into a Habitation or a School Safety Zone in violation of R.C 2923.161(A)(1)/(C), a felony of the second degree if committed by an adult. All four counts contained firearm specifications pursuant to R.C. 2941.145(A), and all four counts contained specifications regarding discretionary SYO dispositional sentence pursuant to R.C. 2152.11.[1]

{¶9} On January 18, 2018, the parties convened for a scheduled pretrial conference; however, the parties indicated that there was an agreed plea deal, thus the court conducted a change-of-plea hearing. The plea deal, which was reduced to writing and signed in open court, indicated that K.B. would admit to being

---

[1] The SYO designations to all three second degree felonies were under R.C. 2152.11(E)(1), whereas the SYO designation related to the lone third degree felony was under R.C. 2152.12(F)(1).

delinquent by way of committing the first count of Felonious Assault as indicted including the firearm specification and the SYO designation. In exchange the remaining charges would be dismissed. In addition, the parties recommended that K.B. be placed with DYS for 1 year on the Felonious Assault charge up to a maximum age of 21, and that K.B. serve 3 mandatory consecutive years for the firearm specification in DYS.

{¶10} The trial court conducted a thorough plea colloquy with K.B., explaining his rights and what he was agreeing to, also taking time to make sure K.B.'s parents understood what the plea agreement indicated. After informing K.B. of the rights he was giving up by entering his plea, K.B. entered his admission and plea to the specifications.

{¶11} The trial court then sentenced K.B. to 3 years in prison on the Felonious Assault conviction at the Ohio Department of Corrections and a consecutive 3-year prison term on the firearm specification. However, the adult portion of the SYO dispositional sentence was stayed pending completion of the traditional juvenile disposition, which was imposed according to the parties' recommendation. Thus K.B. was ordered to serve 1 year in DYS up to the maximum age of 21 on the Felonious Assault charge and a consecutive 3-year mandatory term on the firearm specification, for a total of 4 years minimum with DYS.

**{¶12}** A final judgment entry memorializing K.B.'s disposition was filed February 14, 2018. It is from this judgment that K.B. appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The Appellant's Sixth Amendment right to effective assistance of counsel was violated when trial counsel failed to adequately represent the appellant.**

**{¶13}** In his assignment of error, K.B. argues that he received ineffective assistance of counsel. Specifically, he contends that his attorney failed to "call, interview or subpoena any witnesses on Appellant's behalf," that trial counsel filed few motions on behalf of the defense and that trial counsel remained "relatively mute" at the dispositional phase.

*Standard of Review*

**{¶14}** When considering an ineffective assistance of counsel claim in a juvenile case, we apply the same analysis as we would for adults: whether there was a deficiency in the performance of counsel and that, but for counsel's errors, there was a reasonable possibility that the outcome of the proceeding would have been different. *In re T.M.*, 9th Dist. Summit No. 28491, 2017-Ohio-7233, ¶ 27. The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989), quoting *Strickland* at 697. ("[T]here is no reason for a court deciding an ineffective assistance of counsel claim

to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

{¶15} Moreover, counsel's failure to file a motion to suppress does not constitute ineffective assistance of counsel *per se*. *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 65, citing *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000). The failure to file a motion to suppress constitutes ineffective assistance of counsel only when the record establishes that the motion would have been successful if made. *State v. Brown*, 12th Dist. Warren No. CA2002-03-026, 2002-Ohio-5455, ¶ 11.

Analysis

{¶16} In this case, K.B. first argues that his counsel was ineffective for failing to adequately investigate this case. He contends that his trial counsel failed to call, interview, or subpoena any witnesses who may have testified that K.B. could not be clearly identified at the scene of the shooting. Contrary to K.B.'s argument, a probable cause hearing was held in this case wherein a detective from the Lima Police Department testified that he could identify K.B. as one of the shooters from surveillance video of the shooting. The same detective testified that K.B. actually *admitted* that he was one of the shooters.

{¶17} K.B.'s claim that "no one could clearly identify appellant," and his claim that his trial counsel was ineffective for failing to subpoena potential unknown

witnesses to state as much, is contrary to the record, and contrary to K.B.'s own statement given to the detective. There is no remote indication of ineffective assistance of counsel on this issue or that K.B. was somehow prejudiced.

{¶18} K.B. next contends that his counsel was ineffective for failing to file a suppression motion in this case, and for filing relatively few motions. However, K.B. makes no argument as to what evidence he would attempt to suppress or how the evidence would have been subject to suppression. There is no indication in the record that a suppression motion would have been successful on any grounds, thus this argument is not well-taken.

{¶19} Finally, K.B. argues that his counsel was ineffective for remaining "relatively mute" during the dispositional phase; however, the parties had placed an agreed recommended disposition before the trial court. Thus K.B. could not show or demonstrate any ineffective assistance of counsel on this issue either.

{¶20} The record simply does not establish any ineffective assistance of counsel or that K.B.'s plea was less than knowing or voluntary. To the contrary, the trial court conducted a lengthy and thorough dialogue with K.B. regarding his plea before accepting it, ensuring that K.B. understood the consequences of his actions, the rights he was giving up, and what he was agreeing to do. For all these reasons, K.B.'s assignment of error is overruled.

*Conclusion*

**{¶21}** For the foregoing reasons K.B.'s assignment of error is overruled and the judgment of the Allen County Common Pleas Court, Juvenile Division, is affirmed.

**Judgment Affirmed**

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**